Robert MULLALLY, Plaintiff—Appellant,

v.

CITY OF LOS ANGELES, Defendant—Appellee.

United States of America, Appellee.

No. 01–55620.

D.C. No. CV–99–12817–WDK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Oct. 25, 2002.

Before GOODWIN, RYMER, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Robert Mullally appeals his conviction and sentence for criminal contempt in violation of 18 U.S.C. § 401. We affirm the conviction, but vacate the sentence and remand.

Although paragraphs 9 and 10 of the protective order are ambiguous in light of paragraph 1, paragraph 5 clearly and definitely indicates that the documents in Mullally's possession had to be returned to the City Attorney's office at the conclusion of the case. Mullally argues that paragraph 5 is vague because it fails to specify who has the obligation of returning the files, but any vagueness is immaterial given that it is clear they must be returned.

Mullally's contentions about the validity of the order are precluded by the collateral bar rule. *In re Establishment Inspection of Hern Iron Works, Inc.,* 881 F.2d 722, 725–26 (9th Cir.1989); *Walker v. City of Birmingham,* 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967). The rule applies to orders, *Hern Iron Works;* the protective order here was an order of court, even though most of its terms were stipulated; and modification or review of the order was available, *see, e.g., San Jose Mercury News, Inc. v. U.S. District Court,* 187 F.3d 1096, 1099 (9th Cir.1999). Nor was the order, which was based on a finding of good cause, "transparently invalid." *Hern Iron Works,* 881 F.2d at 727.

Mullally argues that the trial judge should have been disqualified, but we cannot say that Judge Takasugi, to whom the motion to disqualify under 28 U.S.C. §§ 144 and 455 was referred, erred in declining to grant it. *See United States v. Hernandez,* 109 F.3d 1450, 1453–54 (9th Cir.1997).

Even though we uphold Mullally's conviction, resentencing is indicated. The sentence was based on the assumption that there was no ambiguity in the protective order, whereas we hold that paragraphs 9 and 10 are vague. Further, the court found that Mullally acted for his own ego, but there is no evidence to support a finding that Mullally was motivated by ego when he gave the files to a reporter in 1997. *That* transfer of files was the contumacious act; whatever may have motivated Mullally's public appearances after the Order to Show Cause was issued in 1999 is essentially irrelevant. In addition, the court found that Mullally had shown, and continued to show, "utter defiance" of the judicial system by referring on his website to the "so-called protective order." How-

ever, the website referred to the "so-called confidential files" maintained by the Los Angeles Police Department, not to the protective order.

As we are firmly convinced that these findings lack support, we vacate the sentence because the district court may view its sentencing options differently without consideration of these erroneous factors. We also note that the government advised the district court that sentencing Mullally to imprisonment would be extreme, and that some term of probation would be appropriate given the circumstances. We are confident that the district court will give serious consideration to this recommendation on remand.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.